FILED
OCT 26 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY EF DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff,

v.

Carissa NORIEGA, Defendant.

Magistrate Case No. **07MJ8861**

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on October 23, 2007, to determine whether defendant Carissa NORIEGA, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U. S. Attorney W. Mark Canover appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the criminal complaint issued against the Defendant on October 22, 2007, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 07MJ8861 with the importation of 26.13 kilograms (57.49 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 32. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 168-210 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On July 26, 2007, Defendant was the driver and registered owner of a 1989 Nissan Maxima. Defendant was accompanied by her three minor children as she entered the Andrade, California, Port of Entry. The Primary Officer noticed the gas tank had a wet appearance and sounded solid when tapped. Defendant, her children, and the vehicle were referred to the secondary inspection area. A Narcotic Detector Dog alerted to the rear seat of the vehicle. A subsequent search of the vehicle resulted in the discovery of 26.13 kilograms (57.49 pounds) of cocaine concealed in a non-factory compartment located in the gas tank of the vehicle. Defendant admitted knowledge to the presence of a controlled substance concealed in the vehicle.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. The Defendant is a United States citizen.

2. Defendant has not been employed since 2003.

3. The Defendant and her children reside in Yuma, Arizona and in Sonora, Mexico.

4. Defendant's mother resides in Yuma, Arizona.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

03/30/06 - 11377(A) H&S Possess Controlled Substance - Diversion
09/30/04 - Misdemeanor 488 PC Petty Theft - 14 days jail, 36 months probation, $320 fine
09/30/04 - Count 1: Warrant 11377(A) H&S Possess Controlled Substance
Count 2: Warrant 14601.1(A) VC Drive While License Suspend/etc.
Count 3: Warrant 488 PC Petty Theft
Count 4: Warrant 488 Petty theft
Count 5: Warrant 14601.1(A) VC Drive While License Suspend/etc.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 07MJ8861, to wit: the importation of 26.13 kilograms (57.49 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 10-26-07.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

W. Mark Canover
Assistant U. S. Attorney

cc: Diane Regan of
Federal Defenders of San Diego, Inc.